WALTER MUNRO, Respondent, *v.* MORRISON RAILWAY SUPPLY CORPORATION, Appellant.

First Department, December 11, 1942.

*Louis Okin* of counsel (*Sapinsley & Lukas,* with him on the brief; *Michael M. Cohn,* attorney), for appellant.

*Moses Smith* of counsel (*Edouard L. Dunne* with him on the brief; *Edouard L. Dunne,* attorney), for respondent.

GLENNON, J. The plaintiff in his complaint alleged, in substance, that on or about the 23rd day of May, 1941, his assignor, Hollingsworth & Bragdon, entered into an agreement with the defendant whereby the latter agreed to sell and deliver to plaintiff's assignor 500 gross tons of certain relaying rails complete with the necessary relaying angle bars punched to conform and said plaintiff's assignor promised and agreed to pay therefor the sum of thirty-one dollars per ton, or a total payment of $15,500. Further it is alleged in the complaint that as an inducement to plaintiff's assignor to agree to purchase said goods and personal property, defendant warranted that the relaying rails were of a quality known as 70# ASCE No. 1 relaying rails complete with the necessary angle bars punched to conform; and that the said plaintiff's assignor relied on said warranty in making said agreement.

It is then alleged that in or about the month of June, 1941, the representatives of plaintiff's assignor inspected the property and goods, ascertained that they were not of the quality warranted by the defendant and in fact actually were of an inferior quality. It is then set forth that the assignor refused to accept the goods so offered for delivery and advised the defendant within a reasonable time thereafter of the defective condition. It is claimed, in effect, that by reason of the foregoing plaintiff's assignor suffered damages in the amount demanded in the complaint.

After issue was joined by the service on behalf of the defendant of an answer containing a general denial, a bill of particulars was served by plaintiff pursuant to a demand. From the bill of particulars it appears that the plaintiff relied principally upon two communications to establish the existence of a sale between the parties. The first is a letter from the defendant to plaintiff's assignor which reads in so far as applicable as follows:

" Gentlemen:

In furtherance to your wire and telephone request, we confirm our quotation to you as follows:

Material: 500 gross ton of 70# ASCE No. 1 relaying rail complete with the necessary relaying angle bars punched to conform.

Price: $31.00 per gross ton.

     \*   \*   \*   \*   \*   \*   \*

Delivery: F. O. B. Pittsburgh, Pa.

Remarks: These rails are coming from the Western Region of the Pennsylvania Railroad Co., destined for our plant at Pittsburgh, Pa. We believe that if destination were indicated, delivery on Pennsylvania tracks to some point nearer to destination could be arranged through the Railroad Co. considerably below the normal quoted revenue freight providing orders were received prior to delivery of the rails to Pittsburgh.

Clause: The above quotations are subject to your inspection and acceptance prior to sale and are net prices for cash terms."

The second is a telegram sent by Hollingsworth & Bragdon to the defendant. It reads: " Our Client will purchase the five hundred ton each 70lb. ASCE and PS Rails. Will arrange for inspection Monday."

While Hollingsworth & Bragdon stated that its client " will purchase the five hundred ton each 70lb. ASCE and PS Rails," still it must be borne in mind that the offer as made provided that the quotations " are subject to your inspection and acceptance prior to sale." Later, on June 3d, the plaintiff telegraphed the defendant in part as follows: " Wire arrangements for inspection to Harry Harris and Company   \*   \*   \*." A representative of the latter made an inspection and reported that the rails were worn and were, in his opinion, only " a good lot of side track rail."

It is quite apparent that the contract for the sale of the merchandise was not completed since the quotation of prices was subject to the inspection which plaintiff's assignor was about to make. Under the circumstances, it is difficult for us to understand how there could be a breach of warranty either express or implied since no sale was ever consummated as provided for in the offer and so-called telegram of acceptance.

For the reasons assigned, the order in so far as appealed from should be reversed with twenty dollars costs and disbursements

and defendant's motion for summary judgment should be granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order, so far as appealed from, unanimously reversed with twenty dollars costs and disbursements and the motion for summary judgment granted.